PER CURIAM.*
Plaintiff, Stanford W. Desira, was discharged from his job as a hotel cleaner and began to receive unemployment compensation benefits. However, those benefits were subsequently terminated by an administrative law judge pursuant to La.R.S. 23:1601(2), which provides in pertinent part:
An individual shall be disqualified for benefits:
(2) (a) If the administrator finds that he has been discharged ... for misconduct connected with his employment. Misconduct means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others.
In terminating plaintiffs benefits, the administrative law judge ruled that plaintiff was discharged for misconduct connected his employment. However, a review of the judge’s factual findings indicate only two arguably improper acts on the part of plaintiff leading to his termination. First, upon arriving at work on the day of his discharge, plaintiff failed to report to his supervisor’s office in person, as requested, instead choosing to telephone the supervisor from another part of the hotel. Second, during the telephone conversation, plaintiff raised his voice and argued with his supervisor when his job performance was questioned.
These actions, without more, do not rise to the level of “misconduct connected with his employment” as defined in La.R.S. 23:1601(2), such that plaintiffs unemployment benefits should be terminated. We therefore reverse the decisions of the lower courts and reinstate plaintiffs right to receive unemployment compensation benefits.

 Marcus, J., not on panel. Rule IV, Part 2, § 3.